

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
SEP 14 2000
2000 SEP 14 PM 4:45
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STEELWORKERS OF AMERICA AFL-CIO-CLC | CIVIL ACTION |
| VERSUS | NO. 00-0371 |
| MURPHY OIL, U.S.A., INC. | SECTION "I" (3) |

### ORDER AND REASONS

United Steelworkers of America, AFL-CIO-CLC (USWA) brought this suit against Murphy Oil U.S.A., Inc. under 28 U.S.C. § 185 seeking to compel arbitration of a grievance filed by an employee. The grievance charged that Murphy impermissibly changed the starting time of work for its operations employees from 0700 hours to 0600 hours. USWA claims that Murphy breached its duty to arbitrate grievances under the parties' collective bargaining agreement.

Before the court are cross-motions for summary judgment. Murphy seeks summary judgment dismissing the suit as untimely. The USWA seeks summary judgment to compel arbitration. For the reasons



DATE OF ENTRY
SEP 15 2000

Fee
Process
X Dktd
CtRmDep
Doc. No. 15

that follow, the court finds that the suit is timely and that an order compelling arbitration is warranted.

A suit to compel arbitration must be brought within six months from the date when one party unequivocally refuses to arbitrate the dispute. See <u>Aluminum, Brick and Glassworkers Int'l Union Local 674 v. A.P. Green Refractories, Inc.</u>, 895 F.2d 1053, 1055 (5th Cir. 1990).

Murphy and the USWA were parties to a Collective Bargaining Agreement dated March 1, 1996 through February 28, 1999, which was in effect at all material times. Murphy implemented the change in starting time on May 26, 1997. On that date, Craig Bordelon, an operations employee, filed a grievance regarding the change in starting time, also referred to as the "hours of work." Over the next year, the USWA and Murphy addressed the change in starting time both formally and informally through meetings, correspondence, and discussions.

On August 25, 1998, Francis Melancon, Sub-District Director for the USWA, wrote to Earl Smith, Manager of Community and Industrial Relations for Murphy, requesting that Murphy arbitrate the change in starting time. Smith responded on August 27, 1998

stating that "there was no grievance pending over the change in starting time," as it was "withdrawn at a June 5, 1996 [sic] grievance meeting," and therefore, "there is nothing to arbitrate." Smith concluded his response stating: "Accordingly, we are not agreeable to Arbitrator Caraway or any other arbitrator as to this issue." On August 31, 1998, Melancon wrote to Smith acknowledging therein Murphy's August 27, 1998 "refusal to arbitrate" the change in starting time, and again requesting arbitration.

Were it not for Murphy's subsequent conduct, the USWA's August 27, 1998, letter would stand as an unequivocal refusal to arbitrate and start the six-month period running. On November 1, 1998, Earl Smith was replaced by Carl Zornes, Murphy's new Manager for Community and Industrial Relations. Before leaving, Smith informed Zornes that Murphy refused to arbitrate the issue of the change of hours of work. Zornes admits that he was so informed, but that he did not recall it.

The USWA submitted affidavits from Melancon and Brian Cassagne, an employee of Murphy who held the position of Local Union President, stating that into early 1999, the parties

continued to discuss, along with other unrelated issues, settling or arbitrating the hours of work grievance.

Indeed, in May, 1999, Zornes signed a Federal Mediation and Conciliation Service (FMCS) form requesting that the FMCS send the parties a panel of arbitrators. While Zornes states in his affidavit that he signed the FMCS form in error, not recalling that Earl Smith had informed him that Murphy had refused to arbitrate the issue of the change in starting time, it is consistent with the affidavits of Melancon and Cassagne that the parties continued to discuss the issue in November, 1998 and for several months until late August 1999.

It was not until Murphy's attorney informed Zornes of the error that Zornes informed the USWA of his mistake. In response to the USWA's request, Zornes wrote a letter dated September 10, 1999, explaining Murphy's position on the issue refusing to arbitrate the change in starting time.

The court finds no genuine issues of material fact that additional negotiations and discussions took place after August 27, 1998, albeit mistakenly by Murphy, culminating in a joint request in May, 1999 for an arbitration panel on the issue of the hours of

work. Thus, the August 27, 1998 letter did not constitute a final rejection of the grievance. See <u>Wainscott v. International Brotherhood of Teamsters</u>, 830 F.Supp. 519, 522 (W.D. Mo. 1993). The USWA' suit, filed on February 4, 2000, within six months of the September 10, 1999 letter, is timely.

Aside from the issue of prescription, Murphy submitted no evidence or statement of disputed material facts to contradict the USWA's motion for summary judgment to compel arbitration. The USWA's Statement of Undisputed Facts in support of its cross-motion for summary judgment is therefore, deemed admitted. See Local Rule 56.2E. Considering those undisputed facts, the court finds the grievance regarding the change in the starting time for work is subject to arbitration under the parties' Collective Bargaining Agreement.

Accordingly,

IT IS ORDERED that defendant Murphy Oil U.S.A., Inc.'s Motion for Summary Judgment is **DENIED** and Plaintiff USWA's Cross-Motion for Summary Judgment is **GRANTED**.

New Orleans, Louisiana this  13th  day of September , 2000.

_____
UNITED STATES DISTRICT JUDGE