

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN -9 AM 9: 19

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| UNITED STEEL WORKERS OF AMERICA | CIVIL ACTION |
| versus | NO. 00-0371 |
| MURPHY OIL USA | SECTION "I"(C) (3) |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Reconsideration of Motion for Summary Judgment. On September 15, 2000, the Court granted Plaintiff's Motion for Summary Judgment and ordered Defendant to submit to arbitration concerning the "hours of work" grievance. Simultaneously, the Court denied Defendant's Motion for Summary Judgment, which had alleged that Plaintiff's complaint was untimely filed. (Rec. Doc. 15)

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" in those exact terms. See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir.1990). However, the Fifth Circuit has held that a motion to reconsider a dispositive pre-trial motion is analogous to a motion to "alter or amend the judgment" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Rule 60(b). See id. A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling. See

DATE OF ENTRY
JAN - 9 2001

1

Fee_____
Process __
X /Dktd___
  /CtRmDep__
  Doc.No.___

id. Defendant's motion in this case was filed on September 27, 2000, within the ten-day window. Therefore, Rule 59(e) governs Defendant's motion for reconsideration.

In Washington v. CSC Credit Servs., Inc., 180 F.R.D. 309 (E.D. La. 1998), rev'd and vacated on other grounds, 199 F.3d 263 (5th Cir. 2000), this Court ruled that alteration or amendment of a previous ruling under Federal Rule of Civil Procedure 59(e) is proper only upon movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law." 180 F.R.D. at 311.

The record contains contradictory evidence regarding the details of the discussions pertaining to the "hours of work" dispute, which took place between the parties from August 1998, when Murphy Oil initially refused to arbitrate the "hours of work" grievance, until September 1999, when Murphy Oil reiterated its refusal. It is undisputed, however, that discussions continued and that a Murphy Oil representative did in fact "sign off" on a request for an arbitration panel after the August refusal. Defendant bears a significant burden when arguing that this Court should reverse its previous decision. After examining the record as a whole,[1] the Court finds that Judge Mentz's Order and Reasons granting summary judgment in favor of the Plaintiff and denying the Defendant's motion was not clear error.

---

[1] Defendant has raised a concern that its previous motion was not properly considered because the Court only looked to its statements in the Local Rule 56.2E filing. This Court has reviewed the record as a whole, and finds that there was no "clear and manifest error." Therefore, it is unnecessary for the Court to address Defendant's Rule 56.2 argument.

2

Therefore, IT IS ORDERED THAT Defendant's Motion for Reconsideration is DENIED. This matter shall proceed to arbitration.[2]

New Orleans, Louisiana, this 6 day of January, 2001.

HELEN G. BERRIGAN,
UNITED STATES DISTRICT JUDGE

---

[2] In light of the Court's ruling above, counsel's joint motion for continuance (attached) is hereby DISMISSED AS MOOT.